## O'NEIL COMPANY v STAUFFER

Ohio Appeals, 9th Dist, Summit Co

No 2046. Decided Dec 5, 1932

Musser, Kimber & Huffman, Akron, for plaintiff in error.

Rockwell, Grant, Thomas & Buckingham, Akron, for defendant in error.

" * * *

PARDEE, PJ.

The principal ground of error alleged and argued in this court is that the verdict of the jury is excessive and that it was rendered under the influence of passion or prejudice.

We have carefully and fully read the entire bill of exceptions, and from that examination we are unanimously of the opinion that the agent of said defendant was guilty of negligence at the time and under the circumstances as alleged by the plaintiff in her amended petition, and we further find that there is no evidence in the record that said plaintiff was guilty of contributory negligence.

As disclosed by the finding of the trial judge, it was apparent to him that the verdict was not the result of passion or prejudice, but was excessive in amount based upon the damages disclosed by the record which were sustained by said plaintiff. As hereinbefore indicated, we have carefully read the record, and we are unanimously of the opinion that said verdict was not influenced or brought about by passion or prejudice on the part of the jurors who heard said case, and we feel that the trial judge was justified, upon the evidence, in requiring a remittitur as a condition precedent to entering a judgment upon said verdict.

We have examined anew the question presented by the defendant as to passion or prejudice, and are of the opinion that our conclusions in this matter may be best set forth by what was said by Washburn, Judge, in 1919, when he was a member of the Eighth District Court of Appeals of this state, in the case of **Cleveland Railway Co. v Burianek, 11 Oh Ap 168,** as follows:

"2. Where the plaintiff's right to recover is fully and clearly established and the trial court expressly finds that an excessive verdict was not the result of passion or prejudice, and it appears that such verdict was

purged of its excessive character by a remittitur in the trial court, and there is no evidence from which such unworthy influence might be reasonably inferred, except the amount of the verdict, a reviewing court will indulge every presumption in favor of the finding of the trial court and will not reverse such finding, unless the verdict was so large and disproportionate to the injuries as to shock all sense of proportion."

The plaintiff in the instant case is a young woman, who at the time of the injury was in ordinary good health; the testimony shows that the injury she received is probably permanent and that as a result thereof she will, during the remainder of her life, suffer the loss of the normal use of her arm and hand, with the consequent inconvenience and annoyance occasioned thereby; and upon the whole record, we are not of the opinion that the amount of the judgment is manifestly against the weight of the evidence or that it is so large and disproportionate to the injuries as to shock all sense of proportion.

There are other errors alleged and argued in this court in the instant case, but we do not find any errors in the record which in any way prejudiced the defendant.

The judgment of the trial court is therefore affirmed.

WASHBURN and FUNK, JJ, concur in judgment.